[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner, an inmate of MacDougall Correctional Institution, brings this petition for a writ of habeas corpus alleging that he was unfairly charged and heard concerning an allegation that he attempted to kiss a female correctional officer on the lips which kiss was alleged to have made her cheek as she was then turning her head. The event was alleged to have occurred on April 9, 1995 while he was housed at Corrigan Correctional Institution in the kitchen area where the petitioner was working and the female correctional officer was a supervisor. Because she was uncertain as to whom to report the incident, it was not reported until April 13, 1995, at which time Major Robert Lucky was designated to make an investigation. His investigation determined that she had told her immediate supervisor about the incident but he informed her to report the incident to Kitchen Supervisor Ferguson when he returned to work. Petitioner told the investigator that the event did not occur and the female correctional officer was lying. Major Lucky determined from this investigation that the petitioner was not credible and recommended sanctions. The petitioner requested a hearing and declined an advocate but requested Major Lucky as a witness. Lt. Raymond Rochefort, the hearing officer, on April 20, 1995, relying on Major Lucky's report found against the petitioner and imposed sanctions of 15 days segregation, 90 days loss of good time and 30 days loss of visitation.
Due process does not require providing inmates attorneys or advocates for such disciplinary hearings nor is the standard of proof that of a criminal trial, proof beyond a reasonable doubt. This court is not required to set aside the decisions of prison administrators that have some basis in fact. Superintendent v.Hill, 472 U.S. 445, 456.
For the above reasons the petition is denied.
Thomas H. Corrigan Judge, Trial Referee